FRANCISCO FELICIANO, demandante y recurrente v. LA MERCANTIL PABLO CEDEÑO, S. en C. Y CIPRIÁN CEDEÑO, demandados y recurridos.

*Número:* 12578    *Resuelto:* 10 de abril de 1962

*H. Lugo Bougal y C. J. Irizarry Yunque,* abogados del recurrente; *Raúl Matos,* abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Dávila.

PER CURIAM: Un establecimiento comercial del recurrente fue ilegalmente embargado por los recurridos. Demandó para recobrar los daños sufridos y se declaró con lugar la demanda. La sentencia dictada concedió:

(a) Beneficios netos dejados de recibir por el demandante en su negocio durante cinco días debido al embargo ilegal.......... $45.00

(b) Pérdidas materiales ocasionadas por el embargo ilegal...................... 95.00

(c) Honorarios de abogado para obtener la disolución del embargo................. 200.00

Total de Daños............ $340.00

El demandante recurrió ante nos por no estar conforme con los daños concedidos, "al ignorar la reclamación del demandante por concepto de daños y perjuicios a la reputación de su negocio, y por las angustias mentales y morales sufridas por el demandante".

Tiene razón el recurrente. En *Rivera* v. *Rossi,* 64 D.P.R. 718 (1945) sostuvimos la procedencia de esos daños, aun en

un caso en que se trató de mitigar los daños desde el mismo momento que se tuvo conocimiento de la equivocación. En el presente, por el contrario, la prueba revela que cuando a uno de los demandados en el caso de autos se le informó que el negocio objeto del embargo no pertenecía a la persona contra quien estaba dirigida la orden, manifestó "que él tenía dinero para responder de las consecuencias de eso". Y como dijimos en el caso de *Rossi*:

"En verdad no vemos razón alguna para limitar la concesión de daños morales a aquellos casos en que sólo están envueltos el honor, los sentimientos de familia, etc., y no concederlos en casos como el presente, donde por las circunstancias del mismo es claro que una persona de susceptibilidad normal necesariamente tiene que sufrir angustias mentales tan fuertes o quizás más intensas que en muchos casos en que se trate de una publicación injuriosa."

*Cfr. Infante* v. *Leith*, 85 D.P.R. 26 (1962).

Nos parece que la suma de $500 compensa adecuadamente las angustias mentales sufridas por el recurrente. *Así modificada, adicionándole dicha cantidad a lo concedido por el tribunal sentenciador, se confirmará la sentencia recurrida.*